MARISOL A. NAGATA
CA NO. 221387
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road Suite 300
Diamond Bar, California 91765
Telephone: (626) 371-7000
Facsimile: (972) 661-7726
ndcaecf@bdftw.com
File No. 1457522

Attorney for Movant
Bank of America, N.A., its successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>RONALD DANIEL LUONGO,<br>ELISABETH HARRIETT LUONGO,<br>aka BETSY LUONGO,<br><br>Debtors. | CASE NO.: 09-13696 AJ-7<br>CHAPTER: 7<br>R.S. NO.: EAT-685<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>DATE: February 11, 2010<br>TIME: 9:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>99 "E" Street<br>Santa Rosa, California |

Bank of America, N.A., its successors and assigns hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and/or (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On November 03, 2009, the Debtors RONALD DANIEL LUONGO and ELISABETH HARRIETT LUONGO commenced this voluntary Chapter 7 case in the United States

1

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Bankruptcy Court for the Northern District of California, Santa Rosa Division, Case No. 09-13696-AJ-7. JEFFRY G. LOCKE is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1*408 and *1409*.

3. The Debtors' estate includes real property commonly known as **5473 SHOOTING STAR ROAD, POLLOCK PINES, CA 95726** and legally described as follows:

> ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF EL DORADO, STATE OF CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> LOT 64, AS SHOWN ON THE OFFICIAL MAP OF SIERRA SPRINGS UNIT NO. 22, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, ON MARCH 20, 1972 IN MAP BOOK E, MAP NO. 116.
>
> APN: 077-493-04

4. On or about April 08, 2004, debtors RONALD DANIEL LUONGO and ELISABETH HARRIETT LUONGO executed a Note in the original sum of $186,500.00 in favor of Bank Of America, N.A. The note is secured by a first priority Deed of Trust against said real property recorded on April 15, 2004 as Instrument No. 2004-0028698-00 in the Office of the County Recorder of El Dorado County, California. Movant is the current beneficiary of said deed of trust.

5. The original loan amount was payable with interest at the initial rate of 4.6250% per annum in monthly principal and interest installments of $958.88 each, commencing June 01, 2009 and continuing thereafter each calendar month through May 01, 2034 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the note. The current monthly payment is $1,195.16.

Case: 09-13696    Doc# 17    Filed: 01/21/10    Entered: 01/21/10 12:57:47    Page 2 of 4

6. The loan is in default for the months of April 01, 2009 through and including December 01, 2009. The note and deed of trust also obligate the borrowers to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $700.00 in this relief from stay proceeding.

7. Movant has commenced foreclosure proceedings on September 11, 2009 and there is no foreclosure sale date currently scheduled. If title reverts to Movant, the real property will have to be marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $9,200.00.

8. The Debtors claim under penalty of perjury in Schedule A – Real Property and in Schedule D – Creditors Holding Secured Claims that the real property has a fair market value of $115,000.00. Schedule D - Creditors Holding Secured Claims also states that the real property is encumbered by a second priority deed of trust in favor of Schoolfirst FCU with an unpaid indebtness of $79,999.00 and a third priority deed of trust in favor of Angus & Terry Collections LLC with an unpaid indebtness of $1,229.00. After deducting the estimated costs of sale and the total encumbrances from the Debtors' value of the real property, there is no remaining equity for the Debtors.

9. Furthermore, the real property has no substantial value for the Debtors' estate. According to Schedule A, the fair market value of the real property is $115,000.00. The real property is encumbered by Movant's Deed of Trust securing a debt of $178,416.03, with additional encumbrances against the property totaling $81,228.00. Since the total encumbrances against the property are estimated to be $259,644.03, there is no equity in this asset for the Chapter 7 Trustee to administer.

10. Since there is no equity in the real property to adequately protect Movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1)* and *11 U.S.C. Section 362(d)(2)* to allow Movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

11. Finally, pursuant to the debtor's Individual Debtor's Statement of Intentions, the debtors intend to surrender their right, title and interest in the real property.

WHEREFORE, movant prays for an Order as follows:

1. For an Order Granting Relief from the Automatic Stay to allow movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Granting Relief from the Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Granting Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

4. For such other relief as the court deems proper.

                                                    BARRETT DAFFIN FRAPPIER TREDER  
                                                    & WEISS, LLP

Dated: January 21, 2010                      By:    /s/ Marisol A. Nagata  
                                                           MARISOL A. NAGATA  
                                                           Attorney for Movant